UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT JAY WARD,

                Plaintiff,

v.

                Case No. 24-CV-116-JPS

SGT. WILLIAMS, SGT. GAIL, C.O.
PROSPER, LT. THOMPSON, and
NURSE MEGAN,

                **ORDER**

                Defendants.

      Plaintiff Robert Jay Ward, a prisoner proceeding pro se, filed a complaint in the above captioned action. ECF No. 1. Plaintiff has also filed a motion for leave to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. ECF No. 2. On February 27, 2024, the Court ordered Plaintiff to pay $0.81 as the initial partial filing fee on or before March 28, 2024. ECF No. 7. In that order, the Court warned Plaintiff that the failure to timely pay the initial partial filing fee may result in the dismissal of his case, without prejudice, for the failure to prosecute. *Id.* On April 10, 2024, the Court dismissed the case without prejudice for Plaintiff's failure to pay the initial partial filing fee and entered judgment accordingly. ECF Nos. 8, 9. Pending before the Court are Plaintiff's motions for reconsideration. ECF Nos. 12, 14.

      The Court will deny Plaintiff's motions for reconsideration. Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking relief under this Rule

must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A party may file a motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1), (6).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Here, Plaintiff's motions for reconsideration do not meet the high burden necessary to succeed. Plaintiff provides that he did not pay his initial partial filing fee because he did not receive the Court's prior order. ECF No. 14. While this may be true, the Court dismissed Plaintiff's case without prejudice and did not charge him the filing fee. As such, Plaintiff is free to bring a new case if he wishes to pursue his claims.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for reconsideration, ECF Nos. 12, 14, be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge